IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE BROWN and MARGARET BROWN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

Case No.

## COMPLAINT

COME NOW Plaintiffs Lawrence Brown and Margaret Brown ("Plaintiffs"), by and through their undersigned attorneys, and for their causes of action against Defendant State Farm Fire and Casualty Company ("Defendant"), state and allege as follows:

### PARTIES

1. At all times material hereto, Plaintiffs are individuals who reside in and are domiciled in Shawnee County, Kansas.

2. Defendant is incorporated in Illinois, with its principal place of business in Bloomington, Illinois.

3. Defendant is authorized to transact insurance business in Kansas as a foreign insurance company and has appointed the Kansas Commissioner of Insurance as its agent for service of process.

### JURISDICTION AND VENUE

4. This is an action for damages in excess of $75,000, excluding interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this District.

7. Plaintiffs own the property located at 4136 SW Stoneylake Drive, Topeka, Kansas 66610 ("the Property").

## FACTS

8. In consideration for the premiums paid prior to April 18, 2024, Defendant issued a residential insurance policy for the Property bearing policy number 16-BM-C205-8 ("the Policy") for the policy period from May 17, 2023, through May 17, 2024 ("the Policy Period"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

9. The Policy reflected the parties' agreement, wherein Defendant agreed to make payment in the event of a covered loss, risk and/or peril, in consideration for the premium paid by Plaintiffs.

10. At all times material hereto, Plaintiffs timely paid, and Defendant accepted, consideration in the form of premium payments.

11. On or about April 18, 2024 (hereinafter "Date of Loss"), a severe weather event, which included high-velocity wind and hailstorm, seriously damaged the Property.

12. At all times material hereto, Plaintiffs owned the Property up to and including on the Date of Loss.

13. Plaintiffs promptly reported the loss to and filed a claim with Defendant.

14. Defendant acknowledged the claim and assigned claim number 16-71V8-06Q (hereinafter "the Claim").

15. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

16. Defendant inspected the Property in its investigation of the Claim.

17. Defendant determined that the Policy provided coverage for the cause of loss ("Coverage Determination") and made payments thereon, but only for a portion of the damage caused by the storm. Defendant then communicated a denial of the balance of the claim via a Coverage Determination letter dated May 27, 2025 (the "Letter"), a true and correct copy of which is attached hereto as **Exhibit B**.

18. Despite Defendant's Coverage Determination that the cause of the damage to the Property was covered, it nevertheless refused coverage for substantial portions of the damage caused. It communicated that partial denial of coverage in the Letter and quoted several purported exclusions from coverage without explanation of whether or how Defendant contends they apply to the loss or even which exclusion(s) Defendant was expressly relying upon.

19. Plaintiffs, by and through their agents, submitted to Defendant an independent evaluation of the damages (the "Estimate") which approximated the damages to the Property that were caused by the storm to be approximately 157,044.43 (after depreciation). A true and correct copy of the Estimate is attached hereto as **Exhibit C**.

20. The Estimate describes repairs, remediation, construction, mitigation, cleaning and/or other services that are necessary to remediate the damage caused by the storm and return the Property to its pre-loss condition.

21. The exclusions to which Defendant referred in the Letter either (a) do not apply at all to Plaintiffs' loss, (b) have been waived by Defendant's admission of coverage for the cause of loss and/or by Defendant's failure to expressly tie the damages allegedly excluded to the Policy language excluding them, and/or (c) to the extent they apply at all, do not exclude coverage for all of the losses for which Defendant appears to be relying on them.

22. Defendant was furnished with timely notice of the Claim, proof of loss and a demand for payment, but Defendant has willfully refused, and continues to refuse, to pay all of Plaintiffs' Claim.

23. The loss occurred during the Policy Period.

24. Plaintiffs have performed all of their duties and obligations under the Policy.

25. The loss was not the result of repeated seepage and/or leakage.

26. The loss was not the result of age-related seam deterioration or prior repairs or degradation.

27. The loss was not the result of wear, tear, marring and/or deterioration.

28. The loss was not the result of inherent vice, latent defect, defect or mechanical breakdown.

29. The loss was not the result of preexisting damage.

30. The loss was not the result of faulty, inadequate and/or defective planning, zoning, development, surveying, siting, design, specifications, workmanship, repair, maintenance, construction, renovation, remodeling, grading and/or compaction.

31. Damage from melting ice, wind, tornado, snow and/or hail are covered perils, and the damage to Plaintiffs' Property was caused by these covered perils (hailstorm).

32. All conditions precedent to coverage under the Policy have been performed, have occurred, and/or have been waived.

33. Defendant's conduct has caused Plaintiffs to, *inter alia*, retain the services of counsel.

## COUNT I
## **BREACH OF CONTRACT**

34. Plaintiffs adopt, re-allege, and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

35. Upon the issuance of the Policy, Plaintiffs and Defendant entered into a valid and enforceable agreement.

36. At all times pertinent hereto, Plaintiffs timely paid, and Defendant accepted consideration in the form of premium payments.

37. At all times material hereto, up to and including on the Date of Loss, the Policy was in full force and effect.

38. Defendant breached the Policy by failing to pay the full amount of damages covered by the Policy.

39. Moreover, in Kansas, "the duty of good faith and fair dealing is implied in every contract, with the exception of employment-at-will contracts. The duty includes not intentionally and purposely to do anything to prevent the other party from carrying out his part of the agreement, or to do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Bank of Am., N.A. v. Narula*, 46 Kan. App. 2d 142, 170 (2011) (internal quotation marks, brackets and citations omitted).

40. Defendant violated its duty of good faith and fair dealing by failing to properly investigate Plaintiffs' claim in a timely fashion and failing to pay Plaintiffs the full Policy benefits for which they paid premiums.

41. As a direct and proximate cause of said breaches, Plaintiffs have suffered, and continue to suffer, economic damages in an amount to be determined at trial.

42. Because Defendant has failed to pay the full Policy benefits without just cause or excuse, Plaintiffs are entitled to recover a reasonable attorney's fee from Defendant pursuant to K.S.A. 40-908, 40-256, and/or other relevant law.

43. Plaintiffs are entitled to recover prejudgment interest from Defendant pursuant to K.S.A. 40-2,126 and/or K.S.A. 16-201.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant on Count I, and award them compensatory damages in an amount to be determined at trial, their reasonable attorneys' fees and costs, pre- and post-judgment interest as provided by law, and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury of all issues so triable, as a matter of right.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas as the place of trial of this action.

DATED: September 10, 2025.

Respectfully submitted,

By: */s/ M. Cory Nelson*
M. Cory Nelson, D. Kan. # 78428
MCN Law LLC
8600 W. 110th St., Suite 214
Overland Park, KS 66210
Email: mcorynelson@mcnlawllc.com
Tel: 913-358-5800
*Local Counsel for Plaintiffs*

Yisroel Silverman, Esq.
FL Bar No. 1011445
INSURANCE LITIGATION GROUP, P.A.
1500 NE 162nd Street
North Miami Beach, FL 33162
Telephone: (786) 529-0090
Facsimile: 866-239-9520

6

E-Mail: yisroel@ilgpa.com; service@ilgpa.com
*Counsel for Plaintiffs (pro hac vice motion forthcoming)*